# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

December 2, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**RHONDA CANTERBERRY,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0903** (BOR Appeal No. 2048187)
(Claim No. 2010138203)

**KELLOGG COMPANIES,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Rhonda Canterberry, by Reginald D. Henry and Rodney A. Skeens, her attorneys, appeals the decision of the West Virginia Workers' Compensation Board of Review. Kellogg Companies, by H. Dill Battle III, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated August 9, 2013, in which the Board reversed a February 7, 2013, Order of the Workers' Compensation Office of Judges and granted Ms. Canterberry a 7% permanent partial disability award. In its Order, the Office of Judges had reversed the claims administrator's May 7, 2011, decision granting her a 3% permanent partial disability award and granted her a 13% award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Canterberry worked as a manager for Kellogg Companies. On April 27, 2009, she injured her right wrist, arm, and shoulder while pushing a cart. Ms. Canterberry reinjured her wrist on May 6, 2009, when a case of cookies fell on her. The claims administrator held her claim compensable for sprains of the right wrist, bicep, and shoulder. Ms. Canterberry then came under the care of Paul Scibetta, D.O., who had an MRI taken of her right upper extremity. The MRI was generally unremarkable, and Dr. Scibetta recommended that she return to work without

1

any restrictions. Almost a year later, Dr. Scibetta had a second MRI taken of Ms. Canterberry's right arm which revealed acromioclavicular joint capsulitis with osteoedema. Arthur J. Smith Jr., P.T., then performed a functional capacity evaluation on Ms. Canterberry and determined that she could not return to her pre-injury occupation. Mr. Smith, however, found that Ms. Canterberry did not give maximal effort during the testing. He also determined that she exhibited signs of symptom magnification. Following this assessment, A. E. Landis, M.D., evaluated Ms. Canterberry and determined that she had 3% whole person impairment under the range of motion model of the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993). On May 7, 2011, the claims administrator granted Ms. Canterberry a 3% permanent partial disability award based on Dr. Landis's recommendation. Robert B. Walker, M.D., then evaluated Ms. Canterberry and found that she had 13% whole person impairment for her right shoulder and right wrist. Dr. Walker based this determination on his finding that Ms. Canterberry's range of motion in her right shoulder was significantly limited when compared with the range of motion of her left shoulder. Marsha Bailey, M.D., also evaluated Ms. Canterberry and determined that she had 3% whole person impairment related to this compensable injury. Dr. Bailey initially found that Ms. Canterberry had 7% impairment for her shoulder and 0% impairment for her wrist. Then she apportioned 4% impairment to pre-existing degenerative joint disease, which she found was evident in the initial MRI taken after the injury. Dr. Bailey also criticized Dr. Walker's findings because they appeared to be based exclusively on Ms. Canterberry's subjective complaints of pain. On February 7, 2013, the Office of Judges reversed the claims administrator's decision and granted Ms. Canterberry a 13% permanent partial disability award. The Board of Review reversed the Order of the Office of Judges on August 9, 2013, and granted Ms. Canterberry a 7% award, leading her to appeal.

The Office of Judges concluded that Ms. Canterberry had 13% whole person impairment related to her right shoulder and wrist injuries. The Office of Judges based this determination on the evaluation of Dr. Walker. It found that Dr. Walker's evaluation was the most reliable assessment of Ms. Canterberry's whole person impairment because he had compared the difference in range of motion between her left and right shoulders. The Office of Judges considered the evaluations of Dr. Landis and Dr. Bailey but determined that they were not as reliable as Dr. Walker's opinion.

The Board of Review concluded that the Order of the Office of Judges was clearly wrong based on the evidence in the record. The Board of Review determined that Ms. Canterberry had 7% whole person impairment and was entitled to a 7% award for her right shoulder injury. In reaching this determination, it relied on the evaluation of Dr. Bailey. However, the Board of Review found that there was no definite pre-existing impairment that should be apportioned in this claim and adopted Dr. Bailey's pre-apportionment recommendation. The Board of Review determined that Dr. Walker's impairment rating was out of line with the evidence in the record and was excessive.

We agree with the conclusions of the Board of Review. Ms. Canterberry is not entitled to any greater than a 7% permanent partial disability award for her right shoulder and wrist injuries. The evaluation of Dr. Bailey was the most persuasive evidence of Ms. Canterberry's impairment, and the Office of Judges did not provide legitimate reasons for disregarding her opinion. The

Board of Review was also within its discretion in relying on Dr. Bailey's pre-apportionment recommendation. Although the MRIs taken in this case revealed evidence of pre-existing degenerative joint disease in Ms. Canterberry's right shoulder, she was not symptomatic for this condition until the date of the compensable injury. Ms. Canterberry did not have a sufficiently definite pre-existing condition to justify Dr. Bailey's apportionment of part of her initial recommendation to degenerative changes. Dr. Walker's recommendation, nevertheless, was not supported by the evidence in the record including the treatment notes of Dr. Scibetta and the initial MRI taken after the injury. The Office of Judges did not provide sufficient reasons for relying on Dr. Walker's opinion, and the Board of Review was justified in reversing its Order.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   December 2, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Justice Margaret L. Workman